J. P. Price, Appellant, v. J. R. Fertig, et al., Appellees, (and another case).

**Chattel mortgages:** AMOUNT OF INDEBTEDNESS: BURDEN OF PROOF. The amount of indebtedness recited in a chattel mortgage is presumed to be correct, and a mortgagor claiming that the same is less has the burden of overcoming the presumption.

*Appeal from Ringgold District Court.*—Hon. H. M. Towner, Judge.

Wednesday, October 20, 1909.

Two appeals are herein presented to us upon the same record; the same plaintiff being appellant in each case. The first case was an action of replevin brought by the plaintiff as mortgagee under a chattel mortgage.

The second case was an action of foreclosure of such chattel mortgage. The defense in each case was that the mortgage had been fully paid. The cases were tried together upon the same evidence. The judgment and decree of the trial court sustained the defense in each case.— *Affirmed.*

*L. W. Laughlin* and *V. R. McGinnis,* for appellant.

*Spence & Smith* and *J. F. Gallup,* for appellees.

EVANS, C. J.—On May 1, 1906, the defendants executed to the plaintiff a chattel mortgage for $872.86 purporting to secure two notes for $472.86 and $400 respectively. In September, 1907, the plaintiff began an action of replevin to recover the possession of the property included in such mortgage. The writ was issued and he obtained the possession of the property thereunder. This case is known in the record of the trial court as No. 5,099. A short time thereafter he commenced an action in equity to foreclose his chattel mortgage, and that case is known in the record of the trial court as No. 5,124. It was averred in defense to each action that although the mortgage purported to be for $872.86, and to secure two notes as therein described, yet in truth the sum of $472.86 comprised the total indebtedness of the defendants to the plaintiff, and that the same was represented by a note of like amount described in the mortgage, and that the alleged note for $400 was never in fact delivered, and that the indebtedness so secured by the mortgage had been fully paid before the commencement of either action. Only this question of fact is involved in the case. The evidence is voluminous, and it will serve no useful purpose to enter into a detailed discussion of it. It is involved in considerable confusion on both sides. The principal point of controversy is

whether the indebtedness of the defendants to the plaintiff on May 1, 1906, was $472.86 or $872.86. The burden was undoubtedly on the defendants to overcome the presumption arising from the recitals of the mortgage. The issue at that point is not altogether free from doubt but the fair preponderance of the evidence is with the defendants, and the trial court so found. This fact being found adversely to the plaintiff, there is no room for doubt but that the larger note was fully paid. This adverse finding of fact defeats plaintiff in both actions. The plaintiff having taken possession of the property under the writ, the defendant elected to take judgment for the value thereof. The court made a finding of value as to each item of property, and entered judgment against the plaintiff for a total sum of $736.25.

The plaintiff complains that the valuation fixed by the court was excessive. We think, however, it was fair and conservative under the evidence, and furnishes the plaintiff no just ground of complaint. The judgment and decree of the trial court in each case must therefore be *affirmed.*